FRANCES NATHAN and Others, Respondents, *v.* EDMUND HENDRICKS and Others, Respondents.

MORRIS B. BAER, Appellant.

*Marketable title — will — contingent remainder — when it vests.*

The court will not compel a purchaser of real estate at a judicial sale to complete his purchase, unless the title furnished to him is free from reasonable doubt and he will acquire by the purchase a marketable title to the property in question.

The will of a testatrix provided that, in case her daughter Matilda should survive her daughter Emeline, and the latter should die without issue, the rents and profits of certain real and personal estate held in trust for Emeline should be applied to the support of Matilda during life, and after her decease the trustees were directed to convey the real and personal estate to the children and lawful heirs of the deceased brother of the testatrix, share and share alike, *per stirpes.* Emeline died without issue and before Matilda. An action was brought to partition the property, and only the descendants of the deceased brother of the testatrix who survived Matilda and Emeline were made parties. The purchaser at the sale in partition refused to complete his purchase.

*Held,* that the children of the testatrix's brother did not take a vested remainder as of the death of the testatrix;

That the bequest was contingent upon Emeline's dying without issue;

That, as upon her death the trustees were to hold the property in trust for Matilda, the fee thereafter vested in the trustees until her death and then first became a vested remainder in the heirs of the testatrix's brother, who were such at that time.

APPEAL by Morris B. Baer, purchaser, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1895, denying his motion to be relieved from his purchase of premises sold pursuant to an interlocutory judgment of partition and sale.

The action was brought for the partition of certain real property devised by the will of Charlotte Gomez, the fourth clause of which was as follows:

" *Fourthly.* In case my said daughter Matilda should survive her sister Emeline, my said daughter Emeline dying and leaving no child or children or their issue descendants of her body her surviving, I bequeath and devise the real and personal property hereinbefore devised and bequeathed to be held in trust for my said daughter Emeline by my said executors to my said executors to be

held in trust to apply the rents, income, dividends and profits of all and singular the same to the support, maintenance, wants and necessities of my said daughter Matilda during her natural life, and after her decease to transfer, convey and set over all and singular the same, my real and personal estate, so left in trust, to the children and lawful heirs of my brother Harmon Hendricks, deceased, to share and share alike, *per stirpes ;* saving and reserving, however, both from this last bequest and devise in trust for the use of my daughter Matilda and the children and heirs of my brother Harmon Hendricks, in case my daughter Emeline should by her last will or other lawful direction dispose of the sum of $5,000 to be paid out of my said estate so held in trust after the decease of my said daughter Emeline to such person or persons as she may deem proper."

The objections of the purchaser were as follows :

" The said testatrix left her surviving the two children named in the will, viz. :

" (1) Emeline Gomez (who subsequently married one Adolphus), and who died intestate on March 20, 1885, without issue.

" (2) Hetty Matilda Gomez (called ' Matilda ' in the will), who was then and continued of unsound mind and died intestate December 6, 1893, without issue and unmarried.

" The plaintiffs have joined as parties to this action only those persons who, at the death of Hetty Matilda Gomez on the 6th day of December, 1893, answered to the description of the then living heirs of Harmon Hendricks named in the will as brother to the testatrix.

" Said Harmon Hendricks had died previous to the time when said Charlotte Gomez made her said will ; he left him surviving ten children, to wit : Hetty Hendricks Gomez, Uriah Hendricks, Henry Hendricks, Washington Hendricks, Montague Hendricks, Emily G. Hendricks, Hannah Hendricks, Rosalie Tobias, Hermoine Tobias and Selina Hendricks, all of whom also survived the said Charlotte Gomez.

" The said ten children of Harmon Hendricks have since died (all of them dying before March 20, 1885), and their several residuary devisees, that is to say, the United States Trust Company of New York, as trustee under the will of Emily G. Nathan, and others, whose names your petitioner is unable at present to specify, who took the interest in the said premises No. 27 Mercer street, which was vested severally in said ten children, are not parties to this action.

" Nor have the plaintiffs joined as parties hereto the devisees of descendants of Harmon Hendricks who were living at the death of Emeline Gomez (Adolphus), on March 20, 1885, and who died prior to the death of Hetty Matilda Gomez on December 6, 1893."

*Townsend Wandell* and *Thomas W. Butts,* for the appellant.

*Edgar J. Nathan,* for the plaintiffs, respondents.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with costs, on opinion of the court below.

The opinion of the court below was as follows :

INGRAHAM, J. :

I fully appreciate the strength of the purchaser's position — that the court should never compel a purchaser of real estate at a judicial sale to complete his purchase unless the title furnished to him is one free from reasonable doubt, so that he can get a marketable title. But, as this question is purely a legal one which depends upon the construction of the will under which the parties to this action claim, it seems to me that it would be for the interests of both parties to have the title settled on this motion.

The only question involved is whether or not the defendants, being the descendants and lawful heirs of the testatrix's brother, Harmon Hendricks, took a vested remainder in the real estate described in the fourth clause of the will, so that it passed to their devisees or heirs at law, or whether the remainder was contingent, to be divided among the lawful heirs of Harmon Hendricks at the time of the determination of the life estate.

There is a general rule in this State which is well settled that where " the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift. * * * In such cases, until the happening of the future event, it must necessarily remain uncertain whether a gift would exist at all, and that could not be said to have vested which was not certainly given." (*Smith* v. *Edwards,* 88 N. Y. 104.) In *Goebel* v. *Wolf* (113 id. 412) the rule is stated as follows : " In harmony with this general rule another general proposition has been formulated, that, where the only gift is found in a direction to divide

at a future time, the gift is future and not immediate ; contingent and not vested."

The case of *Delaney* v. *McCormack* (88 N. Y. 174) is in point. There the testator gave his real estate to his son for life, and in fee in case his son married and had issue. If his son died without lawful issue, the will directed the executors to sell the real estate and distribute the proceeds among the testator's next of kin. It was held that the proceeds of the real estate were to be distributed among those who were such at the time of the distribution and that the devise was contingent. In this case the real estate was devised to the trustees to receive the rents, income and profits and pay the same to her daughter Emeline, and in case she should die leaving lawful issue, then to grant and convey the said real and personal estate to such issue. The bequest was, therefore, contingent upon Emeline dying without issue. Emeline lived until 1885, and then died without issue. Matilda survived her and died in 1893. It is clear that during Emeline's life the devise was contingent. It was uncertain whether or not the land would go to her issue, and what was said by Finch, J. (*Delaney* v. *McCormack, supra*), applies to this case : " Here a future condition or contingency attached to the substance of the gift. It was conditioned upon the death of James (Emeline) without having had lawful issue, so that the vesting was plainly postponed and the gift was future." Upon the death of Emeline without issue the trustees were to hold the property in trust for Matilda, and upon Matilda's death they were to convey and set over said property to the children and lawful heirs of the testatrix's brother. There are here no words of gift to the heirs of Harmon. On the contrary, the whole fee is vested in the trustees, and the only provision is that after the death of Matilda they are to transfer, con- and set over all the real and personal estate so left in trust to the children and lawful heirs to the testatrix's brother Harmon Hendricks.

I think that under this provision of the will the remainder was contingent and did not vest until the termination of the life estate. I think, therefore, the motion should be denied. The question, however, is not free from doubt, and under the circumstances I will grant a stay of proceedings pending appeal to the General Term, so that the question can be passed upon at the General Term during the June term.